Amit Rana (SBN 291912)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755
ARana@Venable.com

Eric A. Prager (*Pro Hac Vice to be filed*)
Ian G. Paquette (*Pro Hac Vice to be filed*)
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10020
Telephone: 415.653.3750
Facsimile: 415.653.3755
EAPrager@Venable.com
EGPaquette@Venable.com

*Attorneys for Plaintiff*
*Fromm International LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fromm International LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Overnight Blowout LLC<br><br>    Defendant. | Case No. 1:25-at-1169<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY**<br><br>JURY TRIAL DEMANDED |

Fromm International LLC ("Fromm") for its Complaint for Declaratory Judgment against Overnight Blowout LLC ("OB"), by and through its attorneys, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Design Patent No. D1029387 ("the 'D387 Patent") (Exhibit A), and for other relief the Court deems just and proper.

**PARTIES**

2. Fromm is a limited liability company organized and existing under the laws of Illinois, with its principal place of business at 603 Dempster Street, Mount Prospect, IL 60056.

3. Upon information and belief, OB is a limited liability company organized and existing under the laws of California, with its principal place of business at 410 West Fallbrook Avenue, Suite 108, Fresno, CA 93711.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq*. There is an actual controversy between Fromm and OB as to whether a Fromm product infringes the 'D387 Patent, allegedly owned by OB, based on OB's allegations of infringement against Fromm and demands that Fromm cease importing, offering for sale, and selling a product accused of infringement.

5. OB is subject to general and specific personal jurisdiction in this District, and venue is proper in this District under 28 U.S.C. § 1391(b) at least because OB resides in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

6. Fromm has been a leading marketer of beauty products serving both the professional and the consumer markets since 1907. With expertise in a variety of categories including shears, salon apparel, hair accessories, brushes, combs, gloves and towels, Fromm products are designed with rigorous attention to detail and superior craftsmanship.

7. The 'D387 Patent is titled "Bendable Hair Rod with Clasp" and on its face and bears a Date of Patent of May 28, 2024.

8. The 'D387 Patent lists on its face two inventors: Yesenia Leonor Hipolito of Clovis, California and Michael Rodriguez of Clovis, California.

9. The 'D387 Patent contains one claim that recites "The ornamental design for a bendable hair rod with clasp, as shown and described."

10. OB purports to be the assignee and owner of the 'D387 Patent.

11. OB has wrongfully alleged that Fromm's Heatless Volumizing Hair Rod ("Fromm Hair Rod") infringes the 'D387 Patent.

12. For example, counsel for OB mailed a letter addressed generally to Fromm International LLC dated September 9, 2025 in which counsel stated that "OB is a California-based company" that sells "the OVERNIGHT BLOWOUT ROD – a heatless hair styling rod" (which OB calls the "OB Rod"). The letter alleged that "OB exclusively owns and holds rights in and to" the 'D387 Patent allegedly covering the OB Rod product.

13. The letter further alleged that Fromm "is promoting and offering for sale" the Fromm Hair Rod, which OB's counsel stated is "almost identical to the authentic OB Rod."

14. The letter identifies Fromm Hair Rods as the "Infringing Products" and alleges that Fromm Hair Rods use "the exact same hook and eye enclosure as the patented OB Rod, as well as highly similar velvet material," and the letter included side-by-side photographic images of the OB Rod product and the Fromm Hair Rod product.

15. Thus, OB alleged that the Fromm Hair Rod infringes the 'D387 Patent by improperly comparing the Fromm Hair Rod to a product allegedly sold by OB rather than to the claim of the 'D387 Patent itself, including by comparing alleged materials of the products rather than any claimed ornamental design of the 'D387 Patent.

16. The letter made several demands of Fromm including that Fromm "[p]ermanently refrain from importing the Infringing Products into the United States" and that Fromm "[d]iscontinue and cease advertising, selling, distributing, and shipping the Infringing Products to customers in the United States." The letter

concluded by stating that OB was "prepared to immediately commence formal legal action."

17. Counsel for Fromm promptly responded and pointed out several deficiencies in OB's allegations of infringement, including that OB is comparing two products rather than comparing features of the Fromm Hair Rod with the claimed design of the 'D387 Patent. Additionally, counsel for Fromm contended that the 'D387 Patent was invalid.

18. Purely as a gesture of good faith, and in no way as an admission of infringement, Fromm removed the Fromm Hair Rod from its website to commence negotiations and resolve the dispute, but negotiations have failed.

19. OB has persisted in its improper infringement allegations against the Fromm Hair Rod but has failed to cure its deficient infringement allegations.

20. Fromm has filed this declaratory judgment action to remove the cloud of uncertainty regarding OB's improper infringement allegations based on an invalid and unenforceable 'D387 Patent.

21. Fromm has no adequate remedy at law.

## FIRST CAUSE OF ACTION

22. Fromm incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

23. The 'D387 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102 and 103. The design claimed in the 'D387 Patent lacks novelty and/or is obvious over the prior art, including but not limited to the following prior art references:

- Kitsch Satin Pillow Rollers, available since October 27, 2021 (https://www.amazon.ca/Kitsch-Pillow-Rollers-Styling-Marble/dp/B09GYPJ2XS?th=1);
- U.S. Patent No. 5,816,265 to Ringo;

- U.S. Patent No. 5,771,907 to Dickson;
- U.S. Patent Publication No. 20200237123 to Yu;
- International Patent Publication No. WO 2022/235526 to Elkouby;
- U.S. Design Patent No. U.S.D609856 to Cotroneo; and
- U.S. Patent Publication No. 2016/0135524 to Speer.

24. Fromm is entitled to a declaratory judgment that the 'D387 Patent is invalid, and Fromm is legally entitled to sell the Fromm Hair Rod.

## SECOND CAUSE OF ACTION

25. Fromm incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

26. Even if the 'D387 Patent is not invalid in view of the prior art, the Fromm Hair Rod does not infringe the 'D387 Patent.

27. In the eye of an ordinary observer, familiar with the prior art and giving such attention as a purchaser usually gives, would not believe the Fromm Hair Rod to be substantially the same as the claimed design of the 'D387 Patent.

28. Fromm is entitled to a declaratory judgment that the Fromm Hair Rod does not infringe the 'D387 Patent, and Fromm is legally entitled to sell the Fromm Hair Rod.

## THIRD CAUSE OF ACTION

29. Fromm incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

30. The 'D387 Patent lists two co-inventors, Ms. Hipolito and Mr. Rodriguez.

31. Ms. Hipolito signed a sworn oath declaring that she is an inventor of the 'D387 Patent.

32. Mr. Rodriguez also signed a sworn oath declaring that he is an inventor of the 'D387 Patent.

33. During prosecution, after the Examiner rejected the claim of the

'D387 Patent application, Ms. Hipolito submitted a sworn affidavit declaring, in part, "I am the sole inventor of the Bendable Hair Rod with Clasp for Hair Preservation and Styling claimed in the design patent application serial number 29/921,060" (the application that became the 'D387 Patent).

34. In the affidavit, Ms. Hipolito further declared that as early as August 2023, she published videos "containing the invention as shown and described" in the application that became the 'D387 Patent.

35. In remarks to the Examiner responding to the Examiner's rejection, the applicant stated "applicant submits a declaration of prior public disclosure . . . as early as August 27, 2023, which is before the publication dates of the cited references which are October 20, 2023 and November 21, 2023. Therefore, this rejection is traversed."

36. In response, the Examiner issued a notice of allowance for the 'D387 Patent stating that "[t]he Declaration under 37 CFR 1.130(b) filed on 4/17/24 is sufficient to overcome the 35 USC 102(a)(1) and 34 USC 103 rejections of the design claim."

37. The 'D387 Patent is unenforceable at least because Ms. Hipolito made false or misleading sworn statements in her sworn 1.130(b) declaration to overcome a rejection, including declaring that she is the **sole** inventor of the 'D387 Patent even though Mr. Rodriguez also submitted a sworn affidavit declaring he is a co-inventor of the 'D387 Patent. Ms. Hipolito's 1.130(b) declaration led directly to the Examiner withdrawing the rejection and allowing the 'D387 Patent.

38. Alternatively, the 'D387 Patent is unenforceable due to the incorrect listing of Mr. Rodriguez as a co-inventor.

39. Ms. Hipolito and/or Mr. Rodriguez acted with specific intent to deceive the United States Patent and Trademark Office.

**PRAYER FOR RELIEF**

40. Wherefore, Fromm respectfully requests the Court to enter judgment

in its favor by awarding the following relief:

    A.    A judgment declaring the 'D387 Patent invalid;

    B.    A judgement declaring that the 'D387 Patent is unenforceable;

    C.    A judgment declaring that the Fromm Hair Rod does not infringe the 'D387 Patent;

    D.    A preliminary and permanent injunction precluding OB, its officers, directors, and any and all persons acting in privity or in concert with them, from assert a claim of infringement of the 'D387 Patent;

    E.    A judgment that this is an exceptional case under 35 U.S.C. § 285, together with an award of Fromm's reasonable attorneys' fees;

    F.    An award of costs expended in this case;

    G.    A judgment awarding Fromm all damages sustained; and

    H.    Any other relief the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Fromm demands a jury trial on all matters triable to a jury.

Dated:  November 26, 2025

*/s/ Amit Rana*
Amit Rana (SBN 291912)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111

Eric A. Prager (*Pro Hac Vice to be filed*)
Ian G. Paquette (*Pro Hac Vice to be filed*)
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10020

*Attorneys for Plaintiff*
*Fromm International LLC*

Complaint for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability